| | |
|---|---|
| 1 | THEODORE J. BOUTROUS JR., SBN 132099 |
|   |   tboutrous@gibsondunn.com |
| 2 | THEANE EVANGELIS, SBN 243570 |
|   |   tevangelis@gibsondunn.com |
| 3 | HEATHER RICHARDSON, SBN 246517 |
|   |   hrichardson@gibsondunn.com |
| 4 | BLAINE EVANSON, SBN 254338 |
|   |   bevanson@gibsondunn.com |
| 5 | GIBSON, DUNN & CRUTCHER LLP |
|   | 333 South Grand Avenue |
| 6 | Los Angeles, CA  90071-3197 |
|   | Telephone: 213.229.7000 |
| 7 | Facsimile:   213.229.7520 |
| 8 | JOSHUA S. LIPSHUTZ, SBN 242557 |
|   |   jlipschutz@gibsondunn.com |
| 9 | GIBSON, DUNN & CRUTCHER |
|   | 1050 Connecticut Avenue, N.W. |
| 10 | Washington D.C. 20036-5306 |
|    | Telephone: 202.955.8500 |
| 11 | Facsimile: 202.467.0539 |
| 12 | Attorneys for Uber Technologies, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| SPENCER VERHINES, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., <br><br> Defendant | CASE NO. 3:20-cv-01886 <br><br> **NOTICE OF REMOVAL OF ACTION BY DEFENDANT UBER TECHNOLOGIES, INC.** <br><br> [Removal from the Superior Court of San Francisco County, Case No. CGC20583684] <br><br> ACTION FILED:  March 12, 2020 <br><br> COMPLAINT NOT YET SERVED |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF SPENCER VERHINES AND HIS COUNSEL OF RECORD**:  PLEASE TAKE NOTICE THAT, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711–1715, Defendant Uber Technologies, Inc. hereby removes to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. BC CGC20583684 in the San Francisco County Superior Court, State of California.  Removal is proper on the following grounds:

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL OF ACTION BY DEFENDANT UBER TECHNOLOGIES, INC.

**TIMELINESS OF REMOVAL**

1. On March 12, 2020, Plaintiff Spencer Verhines filed a Complaint on behalf of a putative class against Uber in San Francisco County Superior Court. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Superior Court Civil Case Cover Sheet, Superior Court Summons, Superior Court Notice to Plaintiff, and Superior Court Docket Sheet are attached as Exhibits A–E respectively. Plaintiff has not yet served Uber with the Complaint. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed no later than 30 days after service. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *Novak v. Bank of New York Mellon Trust Co., NA.*, 783 F.3d 910, 911–15 (1st Cir. 2015) ("service is generally not a prerequisite for removal and . . . a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends"); *Rosset v. Hunter Eng'g Co.*, No. C-14-01701-LB, 2014 WL 3569332, at *5 (N.D. Cal. July 17, 2014).

**SUMMARY OF PLAINTIFF'S ALLEGATIONS
AND FACTS GIVING RISE TO JURISDICTION AND REMOVAL**

2. Plaintiff's Complaint alleges that "[a]though Uber classifies its drivers like Spencer Verhines as 'independent contractors,' Uber drivers are actually employees under California law" and therefore "Uber is in violation of Cal. Lab. Code § 246." *See* Ex. A (Compl. ¶¶ 24, 30). Plaintiff seeks to represent a class of "all Uber drivers who work for Uber in California." *Id.* ¶ 12.

3. Among other things, Plaintiff alleges that he and the putative class members are owed "compensatory damages," "pre- and post-judgment interest," "reasonable attorneys' fees, costs, and expenses," and an injunction requiring Uber to "provide paid sick leave." *Id.*, Prayer for Relief ¶¶ d, e, f.

4. Uber denies any liability as to Plaintiff's individual claims and as to the claims of the putative class members. Uber expressly reserves all of its rights, including, but not limited to, its right to file motions to compel arbitration and motions challenging the pleadings. However, for purposes of meeting the jurisdictional requirements for removal *only*, Uber submits on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members,

Gibson, Dunn & Crutcher LLP

2
NOTICE OF REMOVAL OF ACTION BY DEFENDANT UBER TECHNOLOGIES, INC.

establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

5. Indeed, the Plaintiff in this case, Stephen Verhines, all but admits that federal courts have jurisdiction.  Plaintiff is one of three named plaintiffs in *Colopy v. Uber Technologies, Inc.*, No. 3:2019-cv-06462-EMC (N.D. Cal.), a CAFA case pending in this Court.  In *Colopy*, which has a very similar putative class definition to the one Plaintiff asserts here, Plaintiff alleges that "this [C]ourt has jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since Defendant is a California citizen and, upon the filing of this complaint, members of the putative plaintiff class reside in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million."  *Colopy* Dkt. 33 ¶ 10.

**A.     The Putative Class Contains More Than 100 Members**

6. Plaintiff seeks to represent "all Uber drivers who work for Uber in California."  Compl. ¶ 12.  Uber has a good faith basis to believe, and on that basis avers, that more than 100 persons use the Uber Driver app to find customers looking for rides and drive those customers within California.  Rosenthal Decl. ¶ 8.  Uber disputes Plaintiff's characterization of these individuals as "Uber drivers who work for Uber" (drivers use the Uber app, but do not "work for Uber").  But interpreting Plaintiff's class definition as people who use the Uber app in California, the putative class has more than 100 members.

**B.     The Amount Placed in Controversy Exceeds $5 Million**

7. Uber denies any liability in this case and intends to vigorously oppose class certification—and Uber expressly reserves all of its rights to do so.  *See Dart Cherokee Operating Co., LLC v. Owens*, 135 S. Ct. 547, 544 (2014).  However, for purposes of the jurisdictional requirements for removal only, Uber has a good faith basis to believe, and on that basis avers, that the allegations in Plaintiff's Complaint put more than $5,000,000 in controversy, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(6) (claims of individual class members set forth in the Complaint are "aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000").

Gibson, Dunn & Crutcher LLP

3
NOTICE OF REMOVAL OF ACTION BY DEFENDANT UBER TECHNOLOGIES, INC.

8. Plaintiff alleges that putative class members are entitled to one hour of leave for every 30 hours worked after their initial 30 days. *See* Ex. A (Compl. ¶ 30, Prayer for Relief ¶ a). Under Plaintiff's theory, the putative class would be entitled to at least 416,667 hours of leave, because those who drive using the Uber platform in the State of California—even including only those who have already driven for 30 days—have driven at least 30 times that many hours. Rosenthal Decl. ¶ 11. Multiplied by the state minimum wage of $12/hour, that alone exceeds the $5 million the amount-in-controversy threshold. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010) ("once the proponent of federal jurisdiction has explained *plausibly* how the stakes exceed $5 million . . . *then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much*" (emphasis added; citation omitted)).

9. Plaintiff also alleges that putative class members are entitled to attorneys' fees and pre- and post-judgment interest, which would add to this amount.

**C. The Class Includes Numerous Non-California Citizens**

10. Plaintiff does not even allege that *he* is a California citizen, merely that he resides in Foothill Ranch, California. Ex. A ¶ 7.

11. Moreover, the putative class includes individuals who are citizens of other states. Plaintiff seeks to represent a class of "Uber drivers who work for Uber in California." *Id.* ¶¶ 1, 46.

12. Because the proposed class "cover[s] all California [drivers], and not just [drivers] who were California citizens," there are many non-California *citizens* in the proposed classes. *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017). The proposed classes of California *drivers* necessarily includes many individuals who are not *citizens* of this State, such as "college students from other states." *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010); *accord*, *e.g.*, *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017); *see also Colopy* Dkt. 33 ¶ 10 (alleging that members of the similarly defined "putative class reside in states around the country"). There are many California *drivers* who are not *citizens* of this State, including college students, those who stay only seasonally, and on-demand workers whose permanent citizenship is outside of California. Rosenthal Decl. ¶¶ 9-10. Moreover, there are drivers who live in, and are citizens of, Nevada who drive in California around the Lake Tahoe area. *Id.* ¶ 9.

Gibson, Dunn & Crutcher LLP

4
NOTICE OF REMOVAL OF ACTION BY DEFENDANT UBER TECHNOLOGIES, INC.

13. "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *Broadway Grill*, 856 F.3d at 1276. "Since many [California drivers] are not citizens of California, th[is] requirement [is] met." *Id.*; *accord id.* at 1276, 1279 (class of "California individuals, businesses and other entities" was removable because it covered more than "California citizens").

**D.   Intradistrict Assignment**

14. This action is properly removed to the Court's San Francisco Division because Plaintiff originally filed his Complaint in the Superior Court for the County of San Francisco. *See* N.D. Cal. Civ. L.R. 3-2(c), 3-5(b).

**E.   Uber Has Met Its Initial Burden for Removal**

15. Because Uber has met its "initial burden of establishing federal jurisdiction under § 1332(d)(2)," the case is removable. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); *see* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). If Plaintiff eventually seeks remand, he will at that point have the burden of establishing any exception to CAFA jurisdiction. *Id.*; *accord*, *e.g.*, *Sprint*, 593 F.3d at 673 ("Once Sprint Nextel established that CAFA jurisdiction exists, the burden fell on the plaintiffs, who were seeking remand, to show that the home-state exception applies.").

16. Plaintiff will not be able establish any such exception. *See Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (local-controversy exception did not apply where class definition was based on where plaintiffs were located); *Hargett*, 854 F.3d at 966 ("[M]erely alleging a proposed class of [in-state] residents" is not "sufficient to satisfy" the local-controversy exception); *accord Sprint*, 593 F.3d at 673-75 (plaintiff could not "establish by a preponderance of the evidence that two-thirds of their proposed class members are Kansas citizens" merely by defining the class as consisting of in-state residents).

Gibson, Dunn & Crutcher LLP

5
NOTICE OF REMOVAL OF ACTION BY DEFENDANT UBER TECHNOLOGIES, INC.

## **THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

17. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

(a) this is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

(b) Plaintiff's putative class, under Plaintiff's allegations, would encompass at least 100 persons as required by § 1332(d)(5)(B);

(c) the alleged amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and

(d) a member of the proposed class is a citizen of a state different from any defendant as required by § 1332(d)(2)(A).

18. Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

19. The United States District Court for the Northern District of California is the federal judicial district embracing the San Francisco County Superior Court, where the suit was originally filed, 28 U.S.C. § 84(a). *See* 28 U.S.C. § 1441(a). Although under Local Rule 3-2(d), the case may be assigned to either the San Francisco Division or the Oakland Division, there is a related case pending before Judge Chen in the San Francisco Division. *See Colopy v. Uber Technologies, Inc.*, No. 3:2019-cv-06462-EMC (N.D. Cal.). Indeed, the Plaintiff in this case is already one of three named plaintiffs in *Colopy*.

20. Upon filing the Notice of Removal, Uber will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the San Francisco County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Uber therefore removes this action from the San Francisco County Superior Court.

Gibson, Dunn & Crutcher LLP

6
NOTICE OF REMOVAL OF ACTION BY DEFENDANT UBER TECHNOLOGIES, INC.

DATED: March 17, 2020					GIBSON, DUNN & CRUTCHER LLP


							By:  /s/ Theane Evangelis
								Theane Evangelis

							Attorneys for DEFENDANT
							UBER TECHNOLOGIES, INC.

Gibson, Dunn & Crutcher LLP

7
NOTICE OF REMOVAL OF ACTION BY DEFENDANT UBER TECHNOLOGIES, INC.