# EXHIBIT A

SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
ANNE KRAMER (SBN 315131)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:  (617) 994-5800
Facsimile:  (617) 994-5801

*Attorneys for Plaintiff Spencer Verhines,*
*on behalf of himself and all others similarly situated*

FILED
San Francisco County Superior Court

MAR 1 2 2020

CLERK OF THE COURT
BY: _____
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SPENCER VERHINES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. CGC-20-583684<br><br>**CLASS ACTION COMPLAINT**<br><br>1. FAILURE TO PROVIDE PAID SICK DAYS (CAL. LAB. CODE § 246) |

1
CLASS ACTION COMPLAINT

## I. INTRODUCTION

1. This case is brought by Spencer Verhines, who works as an Uber driver in California. Uber Technologies, Inc. ("Uber"), is a car service, which engages thousands of drivers across the state of California to transport riders. Uber is based in San Francisco, California, and it does business across the United States and extensively throughout California.

2. As described further below, Uber has misclassified its drivers including Plaintiff Spencer Verhines, as independent contractors in violation of Cal. Labor Code § 2750.3. As Uber does not acknowledge that its drivers are employees, it does not pay them for sick leave as required by California law.

3. Uber has harmed drivers like Spencer Verhines by these violations, as drivers struggle to support themselves without the employment protections mandated by the State of California, including paid sick leave.

4. This harm extends not only to Uber drivers, but to the public as well, particularly as the international community is now facing a worldwide crisis in the spread of COVID-19 (the "coronavirus"). Today, March 11, 2020, the World Health Organization classified the spread of this virus as a pandemic.[1] Public health recommendations have recently advised that anyone who feels ill should stay home and not go to work.[2] However, because Uber does not acknowledge its drivers as employees and comply with California state law paid sick leave requirements, drivers like Spencer Verhines will feel the need to continue working in order to support themselves, even if they feel ill.

---

[1] World Health Organization, WHO Director-General's opening remarks at the media briefing on COVID-19 - 11 March 2020, https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020 (last accessed March 11, 2020).

[2] Centers for Disease Control and Prevention, Stay Home When You Are Sick, https://www.cdc.gov/flu/business/stay-home-when-sick.htm (last accessed March 11, 2020).

2
CLASS ACTION COMPLAINT

5.   Faced with the choice of staying home without pay and risking losing their access to their livelihood, including housing, food, and other necessities of living, Uber drivers across California will continue working and risk exposing hundreds of riders who enter their car on a weekly basis to this deadly disease. Thus, Uber's failure to comply with California law, by misclassifying its drivers as independent contractors, is creating an immediate danger, not only to Uber drivers, but to the general public as well.

6.   As a result, immediate public injunctive relief should be ordered, requiring Uber to comply with California law by classifying its drivers as employees and implementing a policy to provide them with paid sick leave as required by law.

## II.   PARTIES

7.   Plaintiff Spencer Verhines is an adult resident of Foothill Ranch, California, where he has worked as an Uber driver (and in Los Angeles) since 2014.

8.   Defendant Uber Technologies, Inc. ("Uber") is a headquartered in San Francisco, California.

## III.   JURISDICTION

9.   This Court has jurisdiction over Plaintiff's claims pursuant to California Code of Civil Procedure § 410.10.

10.   The monetary relief which the Plaintiff seek is in excess of the jurisdictional minimum required by this Court and will be established according to proof at trial.

11.   Venue is proper in this Court pursuant to Code of Civ. P. §§ 395 and 395.5 because Uber is headquartered in San Francisco County. Furthermore, Uber engages in business activities in and throughout the State of California, including San Francisco County.

## V.   CLASS ALLEGATIONS

12.   Plaintiff Spencer Verhines brings this case as a class action pursuant to California Code of Civil Procedure § 382 on behalf of all Uber drivers who work for Uber in California.

13. Plaintiff and other class members are being uniformly deprived of paid sick leave, as Uber does not have a policy in place to provide its driver employees with paid sick leave required by California law.

14. The members of the class are so numerous that joinder of all class members is impracticable.

15. Common questions of law and fact regarding Uber's conduct exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

   a. Whether Uber drivers are misclassified as independent contractors under California law;

   b. Whether the work performed by class members—providing driving services to customers—is within Uber's usual course of business;

   c. Whether class members are typically engaged in their own businesses or whether they wear the "hat" of Uber when performing transportation services;

   d. Whether class members have been required to follow uniform procedures and policies regarding their work for Uber;

   e. Whether Uber has a sick leave policy to provide paid sick leave to its employee drivers as required by California law.

16. Named Plaintiff Spencer Verhines is a class member who is harmed as a result of Uber's conduct and actions alleged herein.

17. The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

18. The named plaintiff will fairly and adequately represent and protect the interests of the class. The named plaintiff has retained able counsel experienced in class action litigation.

The interests of the named plaintiff are coincident with, and not antagonistic to, the interests of the other class members.

19. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, the relief sought here – that Uber should be ordered to implement a policy to provide paid sick leave to its driver employees in compliance with California law – is relief that would affect a class of drivers. Also, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## IV.  STATEMENT OF FACTS

21. Uber is a San Francisco-based transportation service, which engages drivers across the country, including in the state of California, to transport riders.

22. Uber offers customers the ability to order rides via a mobile phone application, which its drivers then carry out.

23. Plaintiff Spencer Verhines has driven for Uber since approximately 2014.

24. Although Uber classifies its drivers like Spencer Verhines as "independent contractors," Uber drivers are actually employees under California law.

25. Uber drivers, including Plaintiff Verhines, provide a service in the usual course of Uber's business because Uber is a car service that provides transportation to its customers, and drivers such as Spencer Verhines perform that transportation service. Uber holds itself out as a

5
CLASS ACTION COMPLAINT

transportation service, and it generates its revenue primarily from customers paying for the very rides that its drivers provide. Without drivers to provide rides, Uber would not exist.

26. Uber also requires its drivers, including Plaintiff Verhines, to abide by a litany of policies and rules designed to control the drivers' work performance. Uber both retains the right to, and does in fact exercise, control over the drivers' work.

27. Uber drivers, including Plaintiff Verhines, are not typically engaged in their own transportation business. When driving Uber customers, they wear the "hat" of Uber.

28. Uber communicates directly with customers and follows up with drivers if the customer complains that the ride failed to meet their expectations. Based on any customer feedback, Uber may suspend or terminate drivers at its sole discretion.

29. Uber drivers are engaged in interstate commerce. At times, drivers transport passengers across state lines. Furthermore, drivers are engaged in interstate commerce insofar as they transport passengers who are within the flow of interstate commerce; indeed, passengers arrive from, or are traveling to destinations out of state, such as arriving at or leaving train stations or airports.

30. Uber is in violation of Cal. Lab. Code § 246 by not maintaining a policy of providing paid sick days to its drivers such as Spencer Verhines. This provision requires employers to allow employees to accrue sick days at the rate of not less than one hour for every thirty hours worked after working for the employer for 30 days within a year from the start of their employment.

31. On April 30, 2018, the California Supreme Court issued its decision in Dynamex, which makes clear that Uber drivers should be classified as employees rather than as independent contractors under California law for purposes of wage-and-hour statutes. Under the "ABC" test adopted in Dynamex, in order to justify classifying the drivers as independent contractors, Uber would have to prove that its drivers perform services outside its usual course of business, which

it cannot do. Notwithstanding this decision, Uber has continued to misclassify its drivers as independent contractors.

32. Furthermore, the California legislature has now taken steps to clarify and codify the "ABC" test set forth in the Dynamex decision by passing Assembly Bill 5, which has been passed into law by the California legislature and went into effect on January 1, 2020. The legislature has clearly intended for Uber to be covered by this statute; indeed, the author of the statute, Assemblywoman Lorena Gonzalez, has made clear that Uber (and similar "gig economy" companies) would not be exempted from the law. Although Uber specifically lobbied to obtain a "carve-out" exemption from the law, it did not receive a carve-out from the legislature. Uber is now one of several "gig economy" companies that have pledged at least $90 million to fund a ballot initiative seeking a carve-out for "gig economy" companies from A.B. 5. Uber's actions in opposing the law -- and its expressed concern that the law would have a major impact on its business -- are an acknowledgement that this law requires it to classify its drivers as employees and provide employees with the protections of the California Labor Code, such as paid sick leave.

## COUNT I
## Paid Sick Days
## Violation of Cal. Lab. Code § 246

33. Uber's conduct, as set forth above, in misclassifying its drivers, including Spencer Verhines, as independent contractors, and failing to offer its drivers paid sick days as required by California law, violates Cal. Lab. Code §§ 246 and 2750.3.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Issue a public injunction requiring Uber to comply with the California Labor Code by classifying its drivers as employees and, in particular, enacting a policy to provide paid sick leave as required by California law

b. Declare and find that Uber violated the Cal. Lab. Code § 246 and 2750.3;

c. Certify this case as a class action;

d. Award compensatory damages in an amount according to proof;

e. Award pre- and post-judgment interest;

f. Award reasonable attorneys' fees, costs, and expenses;

g. Any other relief to which Plaintiff and the class may be entitled.

Respectfully submitted,

SPENCER VERHINES, on behalf of himself and all others similarly situated,

By his attorneys,

*/s/ Shannon Liss-Riordan*

Shannon Liss-Riordan, SBN 310719
Anne Kramer, SBN 315131
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com

Dated:    March 11, 2020