SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
ANNE KRAMER (SBN 315131)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Plaintiffs Spencer Verhines
and Christopher James, on behalf of themselves
and all others similarly situated*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER VERHINES and CHRISTOPHER JAMES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 3:20-cv-01886<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. FAILURE TO PROVIDE PAID SICK DAYS (CAL. LAB. CODE § 246)<br>2. UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §§ 17200-17208) |

I.  **INTRODUCTION**

1. This case is brought by Spencer Verhines and Christopher James, who work as Uber drivers in California. Uber Technologies, Inc. ("Uber") is a car service, which engages thousands of drivers across the state of California to transport riders. Uber is based in San Francisco, California, and it does business across the United States and extensively throughout California.

2. As described further below, Uber has misclassified its drivers including Plaintiffs Spencer Verhines and Christopher James, as independent contractors in violation of Cal. Labor Code § 2750.3. As Uber does not acknowledge that its drivers are employees, it does not pay them for sick leave as required by California law.

3. Uber has harmed drivers like Spencer Verhines and Christopher James by these violations, as drivers struggle to support themselves without the employment protections mandated by the State of California, including paid sick leave.

4. This harm extends not only to Uber drivers, but to the public as well, particularly as the international community is now facing a worldwide crisis in the spread of COVID-19 (the "coronavirus"). On March 11, 2020, the World Health Organization classified the spread of this virus as a pandemic.[1] Public health recommendations have recently advised that anyone who feels ill should stay home and not go to work.[2] However, because Uber does not acknowledge its drivers as employees and comply with California state law paid sick leave requirements,

---

[1] World Health Organization, WHO Director-General's opening remarks at the media briefing on COVID-19 - 11 March 2020, https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020 (last accessed March 11, 2020).

[2] Centers for Disease Control and Prevention, Stay Home When You Are Sick, https://www.cdc.gov/flu/business/stay-home-when-sick.htm (last accessed March 11, 2020).

drivers like Spencer Verhines and Christopher James will feel the need to continue working in order to support themselves, even if they feel ill.

5. Faced with the choice of staying home without pay and risking losing their access to their livelihood, including housing, food, and other necessities of living, Uber drivers across California will continue working and risk exposing hundreds of riders who enter their car on a weekly basis to this deadly disease. Thus, Uber's failure to comply with California law, by misclassifying its drivers as independent contractors, is creating an immediate danger, not only to Uber drivers, but to the general public as well.

6. As a result, immediate public injunctive relief should be ordered, requiring Uber to comply with California law by classifying its drivers as employees and implementing a policy to provide them with paid sick leave as required by law.

## II. PARTIES

7. Plaintiff Spencer Verhines is an adult resident of Foothill Ranch, California, where he has worked as an Uber driver (and in Los Angeles) since 2014.

8. Plaintiff Christopher James is an adult resident of Stockton, California, where he has worked as an Uber driver (and in San Francisco, California) since approximately November 2015.

9. Defendant Uber Technologies, Inc. ("Uber") is a headquartered in San Francisco, California.

## III. JURISDICTION

10. Although Plaintiff Verhines originally filed this Court in California Superior Court, Uber removed the case to federal court, based upon the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), asserting that the putative plaintiff class includes citizens of California as well as other states and Defendant is a citizen of California; there are more than 100 putative class members; and the amount in controversy exceeds $5 million. Plaintiffs are not

now disputing this assertion of federal jurisdiction.

## V. CLASS ALLEGATIONS

11. Plaintiffs Spencer Verhines and Christopher James bring this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Uber drivers who work for Uber in California.

12. Plaintiffs and other class members are being uniformly deprived of paid sick leave, as Uber does not have a policy in place to provide its driver employees with paid sick leave required by California law.

13. The members of the class are so numerous that joinder of all class members is impracticable.

14. Common questions of law and fact regarding Uber's conduct exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

   a. Whether Uber drivers are misclassified as independent contractors under California law;
   b. Whether the work performed by class members—providing driving services to customers—is within Uber's usual course of business;
   c. Whether class members are typically engaged in their own businesses or whether they wear the "hat" of Uber when performing transportation services;
   d. Whether class members have been required to follow uniform procedures and policies regarding their work for Uber;
   e. Whether Uber provides paid sick leave to its employee drivers as required by California law.

15. Named Plaintiffs Spencer Verhines and Christopher James are class members who are harmed as a result of Uber's conduct and actions alleged herein.

16. The named plaintiffs' claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class.

17. The named plaintiffs will fairly and adequately represent and protect the interests of the class. The named plaintiffs have retained able counsel experienced in class action litigation. The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

18. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, the relief sought here – that Uber should be ordered to classify its drivers as employees and provide them with paid sick leave in compliance with California law – is relief that would affect a class of drivers. Also, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## IV. **STATEMENT OF FACTS**

20. Uber is a San Francisco-based transportation service, which engages drivers across the country, including in the state of California, to transport riders.

21. Uber offers customers the ability to order rides via a mobile phone application, which its drivers then carry out.

22. Plaintiff Spencer Verhines has driven for Uber in California since approximately 2014.

23. Plaintiff Christopher James has driven for Uber in California since approximately November 2015.

24. Although Uber classifies its drivers like Spencer Verhines and Christopher James as "independent contractors," Uber drivers are actually employees under California law.

25. Uber drivers, including Plaintiffs Verhines and James, provide a service in the usual course of Uber's business because Uber is a car service that provides transportation to its customers, and drivers such as Verhines and James perform that transportation service. Uber holds itself out as a transportation service, and it generates its revenue primarily from customers paying for the very rides that its drivers provide. Without drivers to provide rides, Uber would not exist.

26. Uber also requires its drivers, including Plaintiffs Verhines and James, to abide by a litany of policies and rules designed to control the drivers' work performance. Uber both retains the right to, and does in fact exercise, control over the drivers' work.

27. Uber drivers, including Plaintiffs Verhines and James, are not typically engaged in their own transportation business. When driving Uber customers, they wear the "hat" of Uber.

28. Uber communicates directly with customers and follows up with drivers if the customer complains that the ride failed to meet their expectations. Based on any customer feedback, Uber may suspend or terminate drivers at its sole discretion.

29. Uber drivers are engaged in interstate commerce. At times, drivers transport passengers across state lines. Furthermore, drivers are engaged in interstate commerce insofar as they transport passengers who are within the flow of interstate commerce; indeed, passengers arrive from, or are traveling to destinations out of state, such as arriving at or leaving train stations or airports.

30. Uber is in violation of Cal. Lab. Code § 246 by not providing paid sick days to its drivers such as Spencer Verhines and Christopher James as required by California law. This

provision requires employers to allow employees to accrue sick days at the rate of not less than one hour for every thirty hours worked after working for the employer for 30 days within a year from the start of their employment.

31. On April 30, 2018, the California Supreme Court issued its decision in <u>Dynamex</u>, which makes clear that Uber drivers should be classified as employees rather than as independent contractors under California law for purposes of wage-and-hour statutes. Under the "ABC" test adopted in <u>Dynamex</u>, in order to justify classifying the drivers as independent contractors, Uber would have to prove that its drivers perform services outside its usual course of business, which it cannot do. Notwithstanding this decision, Uber has continued to misclassify its drivers as independent contractors.

32. Furthermore, the California legislature has now taken steps to clarify and codify the "ABC" test set forth in the <u>Dynamex</u> decision by passing Assembly Bill 5, which has been passed into law by the California legislature and went into effect on January 1, 2020. The legislature has clearly intended for Uber to be covered by this statute; indeed, the author of the statute, Assemblywoman Lorena Gonzalez, has made clear that Uber (and similar "gig economy" companies) would not be exempted from the law. Although Uber specifically lobbied to obtain a "carve-out" exemption from the law, it did not receive a carve-out from the legislature. Uber is now one of several "gig economy" companies that have pledged at least $90 million to fund a ballot initiative seeking a carve-out for "gig economy" companies from A.B. 5. Uber's actions in opposing the law – and its expressed concern that the law would have a major impact on its business -- are an acknowledgement that this law requires it to classify its drivers as employees and provide employees with the protections of the California Labor Code, such as paid sick leave.

## COUNT I
### Paid Sick Days
### Violation of Cal. Lab. Code § 246;
### Los Angeles City Paid Sick Leave Ordinance;
### San Francisco Paid Leave Ordinance (PSLO)

33. Uber's conduct, as set forth above, in misclassifying its drivers, including Spencer Verhines and Christopher James, as independent contractors, and failing to provide its drivers paid sick days as required by California law, violates Cal. Lab. Code §§ 246 and 2750.3 (as well as additional sick pay protections established by the Los Angeles City Paid Sick Leave Ordinance and the San Francisco Paid Leave Ordinance).

## COUNT II
### Unfair Business Practices
### Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

34. Uber's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). Uber's conduct constitutes unlawful business acts or practices, in that Uber has violated the California Labor Code §§ 246 and 2750.3 (as well as additional sick pay protections established by the Los Angeles City Paid Sick Leave Ordinance and the San Francisco Paid Leave Ordinance). As a result of Uber's unlawful conduct, Plaintiffs and class members have suffered injury in fact and lost money and property, including, but not limited to the paid sick time that drivers were due. Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek declaratory and injunctive relief for Uber's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members who have worked for Uber are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a. Issue a public injunction requiring Uber to comply with the California Labor Code by classifying its drivers as employees and, in particular, providing them with paid sick leave as required by California law (as well as additional municipal paid sick leave protections);

b. Declare and find that Uber has violated the Cal. Lab. Code § 246 and 2750.3 (as well as additional sick pay protections established by the Los Angeles City Paid Sick Leave Ordinance and the San Francisco Paid Leave Ordinance);

c. Certify this case as a class action;

d. Award compensatory damages in an amount according to proof;

e. Award pre- and post-judgment interest;

f. Award reasonable attorneys' fees, costs, and expenses;

g. Any other relief to which Plaintiffs and the class may be entitled.

Respectfully submitted,

SPENCER VERHINES and CHRISTOPHER JAMES, on behalf of themselves and all others similarly situated,

By their attorneys,

___/s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, SBN 310719
Anne Kramer, SBN 315131
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com, akramer@llrlaw.com

Dated: March 24, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served by electronic filing on March 24, 2020, on all counsel of record.

                                              /s/ Shannon Liss-Riordan
                                            Shannon Liss-Riordan, Esq.