UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER VERHINES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 20-cv-01886-EMC<br><br>**NOTICE OF QUESTIONS FOR PARTIES TO REVIEW PRIOR TO HEARING SET APRIL 1, 2020 AT 10:00 A.M.** |

A hearing will take place on Wednesday, April 1, 2020 at 10:00 a.m. The following guidance for the parties is presented in anticipation of the hearing.

1. For purposes of determining standing under the UCL, what property or monetary harms have either Plaintiff Verhines or James suffered? Would Uber's grant of James' claim for sick pay (after he joined the suit and filed a declaration) undermine his standing to seek relief under the UCL?

2. Can Plaintiffs establish Article III standing to seek injunctive relief re: sick pay - i.e. likelihood of future injury - consistent with Lujan, Lyons, etc.?

3. Under the Families First Coronavirus Response Act, what does it mean to experience "symptoms of COVID-19" and to be "seeking a medical diagnosis." Would a fever be sufficient? Fever plus cough? Must the claimant have taken a COVID-19 test, or is calling a doctor for telephonic diagnosis/screening enough? Who makes that benefit eligibility determination? Regarding tax credits, how and how quickly can an independent contractor obtain them?

4. Under California Labor Code section 246, what constitutes "preventative care"?  Currently, under what circumstances does "potential exposure to COVID-19" result in quarantine "recommended by civil authorities"?

5. Is it correct that drivers would have to earn approximately $12,000 in a year in order to get a federal tax credit (under the Families First Act) of $312 - the amount equivalent to 3 days of wages (at minimum wage) obtainable under Section 246?

6. Would the preliminary injunction sought by Plaintiffs disqualify or risk disqualifying drivers from obtaining federal benefits under the Families First Act (since employees of large companies are excluded from the benefits in question)?  If there is such a risk, can and should the Court issue a preliminary injunction where the impact on putative class members may vary - some may receive a net benefit, others not or even a net harm (if federal benefits are lost)?

7. Is there any way to estimate how many drivers who have symptoms and should stay off work would change their behavior (and chose not to drive) if they were eligible for sick pay under Section 246 in light of the new federal laws?  In other words, what incremental difference would the preliminary injunction make in changed behavior (considering the maximum benefit mandated under Section 246 is a little over $300 a year, many (Uber says 80%) drivers don't even qualify for the full 3 days, and the existence of new federal benefits for independent contractors)?

8. Are there any cases which hold relief sought is a "public injunction" under McGill based solely on the indirect or incidental effect on the public of such an injunction?

**IT IS SO ORDERED**.

Dated: March 31, 2020

_____
EDWARD M. CHEN
United States District Judge